## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-10374 BKT** |
| **CRUZ M. MENDEZ GARCIA** | **Chapter 7** |
| | **Adversary No. 16-00094** |
| **Debtor(s)** | |
| **CRUZ M. MENDEZ GARCIA** | |
| **Plaintiff** | |
| **vs.** | |
| **RUSHMORE LOAN MANAGEMENT SERVICES AS SERVICE AGENT OF ROOSEVELT CAYMAN ASSET COMPANY II** | |
| | **FILED & ENTERED ON 03/09/2017** |
| **Defendant(s)** | |

## <u>OPINION & ORDER</u>

Before the court is a *Request for Summary Judgment* filed by Plaintiff, Cruz M. Mendez Garcia ("Debtor" or "Plaintiff") [Dkt. No. 10]; and *Opposition to Request for Summary Judgment* filed by Defendant Rushmore Loan Management Services as Servicing Agent of Roosevelt

Cayman Asset Company II ("Defendant" or "Rushmore") [Dkt. No. 12]. For the reasons set forth below, the *Request for Summary Judgment* is GRANTED, in part, and DENIED in part.

### FACTUAL BACKGROUND

On April 5th, 2004, Debtor acquired a real property from Mr. Gustavo A. Piccard-Rivera, through Deed No. 8, (hereinafter "Purchase Deed") before Notary Public Frank Rodriguez-Calderon. [Dkts. No. 1, 10, 11, 12]. On November 23, 2004, the Purchase Deed was presented to the Registry of Property, Carolina Section III for recordation. [Dkt. No. 12]. Subsequently, Debtor and Rushmore executed a Mortgage Deed, No. 338, before Notary Public, Luis A. Ruiz Chabrier, as guarantee in favor of Sana Investment Mortgage Bankers, Inc., (hereinafter "Sana") on July 15, 2005,  [Dkt. No. 12]. Nonetheless, Rushmore is the current holder of Sana's interests in said Mortgage Deed [Dkt. No. 12].

On August 2nd, 2005, the Mortgage Deed was presented to the Registry of Property, Carolina Section III for recordation. [Dkt. No. 10, 11, 12]. However, the Purchase Deed that was presented for recordation on November 23, 2004, expired, "caducó", due to lack of correction by the Notary Public. Needless to say it is that the Purchase Deed was never recorded in the Registry of Property. On the other hand, the Mortgage Deed executed by both parties was recorded by virtue of Law 216.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges 605 F. 3d at 5.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.  The court must view the evidence in a light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).  Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

In the motion for summary judgment presently before this court, there are no pertinent facts in controversy. In light of the above, one of the parties is therefore entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056.

First, Plaintiff argues that the issue in controversy is "[w]hether Law 216 may register a

Mortgage deed executed by plaintiff over plaintiff's property, even when the property is not registered in the name of the plaintiff." [Dkt. No. 10, 11]. The case before us concerns a property that appears to be registered in the name of someone different than that of the Plaintiff, even though Plaintiff is the real owner of said property. At the time that Debtor filed her voluntary petition, said property was recorded by a Mortgage Deed presented by Defendant pursuant to Law 216. 2010 P.R. Laws No. 216. So this court proceeds to resolve the matter under consideration.

**Puerto Rico Mortgage Law**

Pursuant to Puerto Rico Law, every mortgage must satisfy three essential requisites in order to be validly constituted: (i) "secure the fulfillment of a principal obligation;" In re Ramos, 493 B.R. 355, 365 (2013) (ii) be "stipulated in a deed" and; (iii) it shall be recorded at the Registry of Property. P.R. Laws Ann. Tit. 30, § 2607. In its linguistic term, "constitutive" stands for: (i) "[m]aking a thing what it is; essential[] and (ii) [h]aving power to institute, establish, or enact." Random House Webster's Dictionary (Random House, Inc., 1990). Without the recording, "[t]he mortgage deed turn[s] the promissory note into a personal obligation, unsecured, solely enforceable against the maker." Roig Commercial Bank v. Dueno, 617 F. Supp. 913, 915 (D.P.R. 1985). In other words, "[a] creditor [will] only ha[ve] an unsecured personal obligation regarding the underlying debt. Soto-Rios v. Banco Popular de Puerto Rico, 662 F. 3d 112, 121 (1st Cir. 2011); *see also* In re Amelan, 499 B.R. 236, 238 (2013).

In accordance to the above, it is safe to say that "[t]he presentation of the mortgage deed at the Registry of Property is the catalyst for the recording process in Puerto Rico." ACM Penfield,

LLC v. Jolley-Talley, 2016 WL 715761 at 1 (internal citations omitted). Subsequent to presentation, "the registrar must pass judgment on the documents within sixty days, or some 'just cause' period thereafter, and then either…record them or alert the applicant [should there be] any defect." Soto Rios, 662 F. 3d at 121.

Also, in order for a mortgage deed to properly gain access to the Registry of Property it must comply with the successive chain of ownership, also known as "tracto sucesivo" in Spanish. Article 57 of Puerto Rico Mortgage Law of 1979 prescribes, in the pertinent, that:

> In order to record documents that declare, convey, encumber, modify or extinguish dominion and other real rights on real property, the right of the person who grants them or in whose name the referred transactions or contracts are granted must appear previously recorded.

> Registration shall be refused if the right is recorded in the name of a person other than the one who is granting the conveyance or lien. P.R. Laws Ann. Tit. 30, § 2260.

It is well established law that "[t]he principle of chain of title is manifested in the Registry's entries in two ways: (i) the system of prior registration so that each device has its own entry, and (ii) the abbreviated system version of chain of title which allows successive devices to appear in an orderly manner with their corresponding acquisitions." Chase Manhattan Bank v. Registrador, 136 P.R. Dec. 650 (1994). Therefore, Article 57 seeks that the "[r]eal estate registry system be predicated on the certainty and correction of its entries." In re Perez Mujica, 457 B.R. 177, 188 (2011). As mentioned before, Article 57's sole purpose is to assert that every document that gains access to the registry is "[c]omplete and clear as possible." Id. In other words, "[i]f the title submitted appears to

be authorized by someone different from that in the Registry, that is, the titular registrant, Registry must be close making inscription impossible." Chase Manhattan Bank, 136 P.R. Dec. at 650.

Professor Luis Rafael Rivera Rivera [hereinafter Rivera Rivera] posits that the principle of the successive tract or continuance requires that the judicial history of every registered real property, in regards to its successive titleholders, should appear without any gap or interruptions. Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 226 (3.d ed., 2012). Thus, stating that "today's transferee shall be yesterday's acquirer, and the actual titleholder according to the registry shall be tomorrow's transferee." Id. In other words, when a mortgage deed tries to record the property right of someone that appears to be different from that of the granter, such recordation shall be denied *prima facie*. Id. at 228.

Analogous to the case under consideration, the plaintiff in In re Ramos challenged the defendant's status as a secured creditor. The plaintiff's argument was that the registration of the mortgage deed was invalid pursuant to Article 57 of the Puerto Rico Mortgage Law, because the successive chain in the Registry of Property was interrupted. In re Ramos, 493 B.R. at 36. In both, In re Ramos and the case at bar, the registered owner is someone different from the person who executed the mortgage deed. As noted before, when there is missing a link in the successive chain of title, the mortgage deed is by virtue invalid, thus making the lien void, and turning the obligation into an unsecured personal one. Roig Commercial Bank, 617 F. Supp. at 915.

It is well known principle in Puerto Rico Mortgage Law, that when the submitted title is

authorized by someone different from that of the titular registrant, the Registry shall close its doors making that document's inscription impossible. <u>Chase Manhattan Bank</u>, 136 P.R. Dec. at 650. By doing so, the Registrar safeguards third parties interests in real property, giving certainty that every document that is recorded pursuant to Puerto Rico Mortgage Law is exact and reliable. In the case before us, Rushmore contends that its Mortgage Deed was validly recorded under Law No. 216, even though the Purchase Deed was not recorded due to several defects. For the reasons set forth below, this court disagrees.

### **Law 216**

Acknowledging the judicial traffic and the backlog in the Commonwealth's Property Registry, Legislature enacted the "Act to Streamline the Property Registry". Law No. 216, Dec. 27, 2010, P.R. Laws Ann. Tit. 30, § 1821 [hereinafter "Law 216"]. Pursuant to this law, "all documents presented as of April 30, 2010, with enumerated exceptions, are deemed re[corded] as a matter of law." <u>ACM Penfield, LLC.</u>, 2016 WL 715761 at 1; (citing <u>Soto-Rios</u>, F. 3d at 114 n. 1. Law 216 contains several exceptions to its general dispositions not applicable to the case at bar. <u>Id.</u> "Law 216 creates, in essence, a rebuttable presumption of valid recordation." <u>In re Ramos</u>, 493 B.R. at 368. Examining the Legislative *Ratio* behind Law 216 one can attest that its sole purpose was "[t]o facilitate the recordation of documents that in several instances took over 10 to 15 years for the registrar to be able to review and record." <u>Id.</u> at 367. In the pertinent, Law 216, prescribes:

> Various factors have caused this delay, to wit, the dramatic increase in the presentation of documents during the 1990s; the slow implantation of modern computerized systems, the complexity of the documents; and above all, the serious disproportion between the human and fiscal resources allocated to the Property Registry and the function it carries out within our society. 2010 P.R. Laws No. 216 at 2.

It is without doubt that the anomaly in the recordation process "[i]mpedes the mortgage loans from having actual guarantees, which renders access to capital and consequently, economic growth more difficult." In re Ramos, 493 B.R. at. 367; (citing Law 216's Statements of Motives, 2010 P.R. Laws No. 216 at 2; Sanchez Diaz v. Estado Libre Asociado de Puerto Rico, 181 P.R. Dec. 810, 826-827 (2011)). This setback, was the finality to promote Law 216 as a temporary measure for all those documents that were not yet recorded in the Registry. Needless to say it is that the Registrar proceeded to record Rushmore's Mortgage Deed even though there was clearly a "missing link" in the history of the ownership tract. In re Ramos, 493 B.R. at 367. Therefore, we concur with In re Ramos' holding that "Law 216 does not save Rushmore from the inevitable conclusion that there is a defect in the recordation which prevents Defendant from having a valid registered lien on the property. Id.

Similar to In re Ramos, there is no doubt that at the moment when Plaintiff filed its voluntary petition, the Purchase Deed was not recorded in the Registry Property, and therefore it was impossible under Puerto Rico Law for Rushmore to have had a valid lien. Id. It is has been well established that "[w]ithout successive record, [Rushmore's] mortgage lien may not be validly recorded in accordance to Article 57 of the P.R. Mortgage Act of 1979, P.R. Laws Ann. Tit. 30, § 2260." Id.

Another issue brought to our considerations is the allegations made by Plaintiff where they contend that "Rushmore's allegation that Law Number 216 perfected its secured lien constitutes a

violation of the automatic stay."[Dkt. No. 11 ¶ 50]. In keeping with In re Ramos' holding, this court answers said inquiry as follows. This court finds that even though Rushmore might have had "clear and evident knowledge of the absence of a secured status, the court rejects Debtor's argument because the effects of the new law have not been fully litigated… in Puerto Rico." In re Ramos, 493 B.R. at. 370. Also, it is well established law that "[t]he mere filing of a proof of claim does not constitute a violation of the automatic stay as determined by the U.S. Bankruptcy Appellant Panel for the First Circuit." Id. at 369.

In light of the aforementioned, this court holds that Rushmore's Mortgage Deed was not properly recorded pursuant to Puerto Rico Mortgage Law, and thus Defendant does not hold a secure claim.

WHEREFORE, IT IS HEREBY ORDERED that the *Request for Summary Judgment* shall be granted in part, and denied in part. It shall be granted as to the unsecured status of Rushmore's mortgage claim. Nonetheless, it is denied as to the alleged willful violation of the automatic stay and imposition of liability pursuant to Title 11 U.S.C. § 362(b)(3).

SO ORDERED

San Juan, Puerto Rico, this 9th day of March, 2017.

Brian K. Tester
U.S. Bankruptcy Judge