**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br><br>**CRUZ M MENDEZ GARCIA**<br><br><br>**Debtor(s)** | **CASE NO.  15-10374 BKT**<br><br>**Chapter   13**<br><br>**Adversary No.  16-00094** |
| **CRUZ M MENDEZ GARCIA**<br><br>**Plaintiff**<br>**vs.**<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES AS SERVICE AGENT OF ROOSEVELT CAYMAN ASSET COMPANY II**<br><br>**Defendant(s)** | **FILED & ENTERED ON 05/12/2017** |

**OPINION & ORDER**

Before the Court is Rushmore Loan Management Services as Servicing Agent of Roosevelt Cayman Asset Company's II ("Defendant" or "Rushmore") *Motion Requesting Reconsideration* [Dkt. No. 21]. Rushmore cites no authority for their motion for reconsideration under the Bankruptcy Code or Federal Rules of Bankruptcy Procedure. Courts often entertain motions for reconsideration

pursuant to Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006).

In the first instance, Defendant's motion for reconsideration is not timely pursuant to the time constraints of Fed. R. Bankr. P. 9023. Any motion for reconsideration under this Rule must be filed no later than 14 days after the entry of the judgment. The court issued its Judgment on March 9, 2017 [Dkt. No. 18], in favor of Debtor/Plaintiff, Cruz M. Mendez Garcia (hereinafter "Plaintiff"). Rushmore filed their motion for reconsideration on March 24, 2017, fifteen (15) days after the issuance of the judgment. As such, the court will proceed with its analysis under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy through Rule 9024 of the Federal Rules of Bankruptcy Procedure.

Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th

Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999).

In their motion to reconsider, Rushmore fails to establish any of the required legal factors discussed above. After considering the factual and legal arguments brought forth, the court finds that Defendant's motion neither provides the court with genuine reasons why it should revisit the prior Order, nor compelling facts or law in support of reversing the prior decision. Rushmore's motion attempts to rehash the same arguments that were already considered and found lacking by this court, and for the first time raises Debtor's homestead exemption. The arguments are two-fold: (1) that Rushmore was unfairly impeded from correcting the "chain of title" defect as a result of Debtor's use of the Bankruptcy court, and (2) that, Debtor has created an irreconcilable inconsistency between the rights she is claiming in the main legal case and the outcome of the instant adversary proceeding by listing the property in question as property of the estate, and declaring under penalty of perjury that she is the owner of said property.

The court considered the first argument prior to rendering its December 18, 2014 Order and found it lacking, and at this juncture the second argument is neither permitted nor legally relevant. More importantly, neither of these arguments falls within the purview of a Rule 60(b) motion. Granting a motion for reconsideration under Rule 9024 is generally viewed with disfavor by the courts, and the claims now being set forth by Rushmore do not introduce sufficient reason to justify relief from this court's March 9, 2017 Judgment.

Because Rushmore has failed to establish the legal requirements for reconsideration, this court finds that they are not entitled to reconsideration under Rule 9024 of the Federal Rules of Bankruptcy Procedure. Defendant's *Motion Requesting Reconsideration* [Dkt. No. 21] is DENIED.

SO ORDERED

San Juan, Puerto Rico, this 12th day of May, 2017.

Brian K. Tester
U.S. Bankruptcy Judge